FILED

2008 AUG - 1  AM 11: 26

CLERK U S DISTRICT COURT
CENTRAL DISTRICT CALIF.
LOS ANGELES

BY _____

SILVER, HADDEN, SILVER, WEXLER & LEVINE
STEPHEN H. SILVER, SBN 38241
ELIZABETH SILVER TOURGEMAN, SBN 193114
1428 SECOND STREET
SANTA MONICA, CA 90401
Telephone: (310) 393-1486
Facsimile: (310) 395-5801
shsilver@shslaborlaw.com
etourgeman@shslaborlaw.com

GOYETTE & ASSOCIATES
PAUL Q. GOYETTE, SBN 137250
GARY G. GOYETTE, SBN 224715
11344 COLOMA ROAD, SUITE 145
GOLD RIVER, CA 95670
Telephone: (916) 851-1900
Facsimile: (916) 851-1995
info@goyette-assoc.com
goyetteg@goyette-assoc.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL  DISTRICT OF CALIFORNIA

JFW

VBK

THE LOS ANGELES COUNTY
PROFESSIONAL PEACE
OFFICERS ASSOCIATION,
BRUCE VALLERAND,
THEODOROS ANADOLIS,
WAYLUP CHOY, MIKE COHEN,
JIM CRONIN, ALEX FARFAN,
GERARDO GARCIA, TONY
HAYDEN, TODD HOYLE,
MARTHA REYES, LEON
REYNOLDS, JOSE RIVERA, KEN
RYNO, and JUDI TREDY on behalf
of themselves individually and all
others similarly situated,
                    Plaintiffs,
v.

THE COUNTY OF LOS ANGELES,
LEE BACA, individually and as
SHERIFF of LOS ANGELES
COUNTY, MARGARET A. YORK,
individually and as CHIEF of the
LOS ANGELES COUNTY POLICE,
and DOES 1 - 10, inclusive,
                    Defendants.

CASE NO:  CV08-05057

[COLLECTIVE ACTION]
COMPLAINT FOR:

(1)   UNPAID OVERTIME
        COMPENSATION
        (29 U.S.C. §§ 201 et seq.)

(2)   FAILURE TO PROVIDE
        PROPER CTO
        (29 U.S.C. § 207(o) )

(3)   LIQUIDATED DAMAGES
        AND INTEREST
        (29 U.S.C. § 216)

(4)   REASONABLE ATTORNEYS
        FEES AND COSTS
        (29 U.S.C. § 216)

(5)   DECLARATORY and
        INJUNCTIVE RELIEF

DEMAND FOR JURY TRIAL

# I. **INTRODUCTION**

1.     This is an "opt-in" collective action pursuant to 29 U.S.C. §216(b) seeking unpaid overtime compensation and compensatory time off ("CTO"), as well as applicable interest, liquidated damages, declaratory relief & injunctive relief, and reasonable attorneys fees and costs, brought by named Plaintiffs the Los Angeles County Professional Peace Officers Association ("LA PPOA"), Bruce Vallerand, Theodoros Anadolis, Waylup Choy, Mike Cohen, Jim Cronin, Alex Farfan, Gerardo Garcia, Tony Hayden, Todd Hoyle, Martha Reyes, Leon Reynolds, Jose Rivera, Ken Ryno, and Judi Tredy on behalf of themselves individually and on behalf of all other County of Los Angeles Sheriff's Department peace officer supervisors and non-sworn Security Officers, and on behalf of all other County of Los Angeles Police Department peace officer employees,  who are similarly situated to the named Plaintiffs.  For at least three years prior to the filing of this lawsuit, Defendant County of Los Angeles has violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., by failing to provide overtime compensation to supervisory employees of its Sheriff's and Police Departments for the time spent  performing various  required pre and post shift supervisory tasks, and by failing to provide overtime compensation to supervisory peace officer employees and non-sworn Security Officers of its Sheriff's Department and to peace officer employees of its Police Department for the pre and post shift time spent  preparing, maintaining, donning ('putting on') and doffing ('taking off') designated Department uniforms and special protective gear.  All such time is compensable under the FLSA, yet the County of Los Angeles has failed to provide overtime compensation for such time incurred  by its Sheriff's Department peace officer supervisors and non-sworn Security Officers, and by its Police Department peace officer employees.  Defendant County of Los Angeles has also violated the FLSA by at times providing CTO on only an hour-

COLLECTIVE ACTION COMPLAINT          Page -2-

1    for-hour basis, instead of the required hour and a half for each overtime hour

2    worked basis, to the same Sheriff's and Police Department employees.  Plaintiffs

3    seek proper overtime compensation for all such pre and post shift time incurred

4    and seek properly accrued CTO, as well as liquidated damages equal to such

5    improperly withheld overtime compensation and/or CTO, as allowed under the

6    FLSA, and interest on such damages. Plaintiffs also seek declaratory relief such

7    that the Court will declare the County has violated the FLSA by failing to provide

8    overtime compensation for pre and post shift supervisory tasks and for all pre and

9    post shift time associated with required uniforms & special protective gear and by

10   failing to provide properly accrued CTO to Plaintiffs and similarly situated

11   employees.  In turn, Plaintiffs also seek injunctive relief such that the Court will

12   order the County to cease such FLSA violations by providing proper overtime

13   compensation and CTO  from this point forward.  Finally, Plaintiffs seek

14   reasonable attorneys fees and costs as part of this collective action.

## II. PARTIES

16   2.      The individuals named as Plaintiffs, Bruce Vallerand, Theodoros

17   Anadolis, Waylup Choy, Mike Cohen, Jim Cronin, Alex Farfan, Gerardo Garcia,

18   Tony Hayden, Todd Hoyle, Martha Reyes, Leon Reynolds, Jose Rivera, Ken

19   Ryno, and Judi Tredy, at all times pertinent to this action were and still are

20   members of LA PPOA, and were employed by Defendant County of Los Angeles

21   and/or still are employed by Defendant County of Los Angeles.  Since this lawsuit

22   is a 'collective action' under the FLSA, these named Plaintiffs are acting as

23   representatives for all similarly situated past and present employees of Defendant

24   County of Los Angeles, including sworn Sergeants and Lieutenants employed by

25   the Los Angeles County Sheriff's Department who were and/or are members of

26   LA PPOA (as part of Bargaining Unit No. 612), non-sworn Security Officers

27   employed by the same Sheriff's Department who were and/or are members of LA

28   COLLECTIVE ACTION COMPLAINT        Page -3-

1    PPOA (as part of Bargaining Unit No. 621), and sworn peace officers employed

2    by the Los Angeles County Police Department who were and/or are members of

3    LA PPOA (as part of Bargaining Units Nos. 631 and 632). These named

4    Plaintiffs have consented to represent all such similarly situated past and present

5    employees of Defendant County, and have consented to "opt-in" to this FLSA

6    collective action, as required by 29 U.S.C. § 216(b), as shown by their signed

7    consents which will be filed with the Court shortly after the filing of this

8    Complaint.

9        3.      Defendant County of Los Angeles, ("County" or "Defendant

10   County") is, and at all times mentioned herein was, a local government

11   subdivision of the State of California, governed by the Meyers-Milias-Brown Act

12   ("MMBA") as a public agency as defined at CA Gov. Code § 3501(c). The

13   County is duly organized, validly existing, and administered under the laws of the

14   State of California. For the purposes of this FLSA collective action and as a

15   Defendant to this action, the County includes the Los Angeles County Sheriff's

16   Department ("LASD"), the Los Angeles County Police Department ("LACP"), and

17   all agents, employees, attorneys, accountants, investigators, officers, directors,

18   representatives, and anyone else acting on behalf of these Departments and/or on

19   behalf of the County.

20       4.      Defendant LEE BACA is and at all times applicable to and relevant to

21   this collective action has been the Sheriff for LASD and is sued individually and

22   in his capacity as the Sheriff for LASD. He is a United States citizen and a

23   resident of the state of California.

24       5.      Defendant MARGARET A. YORK is and at all times applicable to

25   and relevant to this collective action has been the Chief for LACP and is sued

26   individually and in her capacity as the Chief for LACP. She is a United States

27

28   COLLECTIVE ACTION COMPLAINT          Page -4-

1    citizen and a resident of the state of California.

2          6.     At all times herein mentioned each of DOES 1 through 50, inclusive,

3    was the agent, servant, and/or employee of Defendant County, and in doing the

4    things herein alleged was acting in the scope of his or her authority as such agent,

5    servant, and/or employee, and with the permission and consent of Defendant

6    County.

7          7.     The true names and capacities, whether individual, associate or

8    otherwise, of Defendants DOES 1 through 50, are unknown to Plaintiffs who

9    therefore sue said Defendants by such fictitious names, and Plaintiffs will amend

10   this Complaint to show their true names and capacities when the same have been

11   ascertained.  Plaintiffs are informed and believe and thereon allege that each of the

12   Defendants, DOES 1 through 50, inclusive, are responsible in negligence,

13   warranty, strictly, or otherwise, for the events and happenings herein referred to

14   and proximately thereby caused and continue to cause the violation of the rights of

15   the Plaintiffs as herein alleged.

16         8.     At all times relevant to this collective action, Defendant County of

17   Los Angeles, including LASD and LACP, has been an employer as defined within

18   the FLSA, and at all time relevant to this collective action the Plaintiffs have been

19   employees of Defendant County, including LASD and LACP, as defined within

20   the FLSA.

21   ### III. <u>JURISDICITON</u>

22         9.     Plaintiffs incorporate by reference and re-allege paragraphs 1 through

23   8 as though fully set forth herein.

24         10.    Plaintiffs in this FLSA collective action bring causes of action limited

25   to alleged violations by the County of the FLSA for overtime compensation and

26   CTO pursuant to 29 U.S.C. §§ 201 et seq., for liquidated damages, interest,

27

28   COLLECTIVE ACTION COMPLAINT     Page -5-

1  attorneys fees and costs pursuant to 29 U.S.C. §§ 216, and for damages associated
2  with intentional conduct pursuant to 29 U.S.C. § 255.  Since the causes of action
3  are based only on Federal statutes, jurisdiction in Central District Federal Court is
4  proper pursuant to 28 U.S.C. § 1331.

## IV.  VENUE

5
6      11.    Plaintiffs incorporate by reference and re-allege paragraphs 1 through
7  10 as though fully set forth herein.
8      12.    Venue for this FLSA collective action in the Central District of
9  California Federal Court is proper pursuant to 28 U.S.C. §1391(b) since Defendant
10 County resides within this Central District and since the majority of events giving
11 rise to the claims in this complaint, namely the County's Sheriff's and Police
12 Department employees working without being provided overtime compensation
13 for pre and post shift time incurred involving supervisory tasks and involving
14 uniforms & special protective gear, occurred and continue occur within the
15 Central District Court's judicial district.

## V.  FACTUAL ALLEGATIONS

16
17     13.    Plaintiffs incorporate by reference and re-allege paragraphs 1 through
18 12 as though fully set forth herein.
19     14.    All the named Plaintiffs have worked for the County, and/or continue
20 to work for the County, during some portion or all of the time period pertinent to
21 this action, including the period from July 31, 2005 to July 31, 2008 and going
22 forward.
23     15.    During at least the three (3) years prior to the filing of this collective
24 action, and continuing to the present time, Defendant County has routinely
25 required Plaintiffs and all similarly situated employees to incur time both prior to
26 and following designated times for paid work shifts during which uniforms and
27
28 COLLECTIVE ACTION COMPLAINT          Page -6-

special protective gear required for their work with the LASD and the LACP had to be donned, doffed, prepared, maintained or otherwise cared for, but for which the County provided no overtime compensation.

16.    The time incurred by named Plaintiffs and all similarly situated employees involving uniforms and special protective gear has occurred and continues to occur on a regular basis; specifically, named Plaintiffs and all similarly situated employees incur time involving uniforms and special protective gear on each and every day they perform work for the LASD and/or the LACP.

17.    The time spent by named Plaintiffs and all similarly situated employees involving uniforms and special protective gear on a regular basis includes, but is not limited to, the following:

      a.    The donning, doffing, cleaning, maintaining and otherwise caring for bullet proof vests (soft body armor);

      b.    The donning, doffing, preparation of, maintaining and otherwise caring for gear/utility belts and associated components worn on such belts, including holsters, key keepers, handcuff cases, ammunition pouches, baton holders, batons, handcuffs, Department issued handguns, ammunition and ammunition clips, mace and flashlights.

      c.    The donning, doffing, washing or shining, and otherwise caring for  uniforms and associated badges, protective footwear and other gear to facilitate proper identification as representatives of the LASD and the LACP;

      d.    The stocking, preparation of, and other care of First Aid kits, supplies and materials required to be carried and/or used on the job;

COLLECTIVE ACTION COMPLAINT          Page -7-

e.    The stocking, preparation of, and other care of gear or 'war' bags and all associated equipment, supplies and materials required to be kept in and used from such bags on a daily basis.

f.    The preparation of and care for associated other special protective gear required for work with the LASD and the LACP.

18.    The named Plaintiffs and all similarly situated employees are required by Defendant County to prepare and use the uniforms and special protective gear listed in Paragraph No. 17 of this Complaint for their work with the LASD and the LACP.

19.    The named Plaintiffs and all similarly situated employees are required to don, doff, prepare, care for, or otherwise incur time associated with the uniforms and special protective gear required for their work with the LASD and the LACP both prior to, and following designated paid shift times; named Plaintiffs and all similarly situated employees are not provided any overtime compensation or any other compensation by the County for such time spent with special protective gear required for the work performed for the LASD and the LACP.

20.    The time incurred by each named Plaintiff and each similarly situated employee on a daily basis for each day during which work is performed for the LASD and the LACP involving donning, doffing, preparation of, or otherwise caring for uniforms and special protective gear required for the work performed in the LASD and the LACP averages between 30 and 60 minutes or more per named Plaintiff and similarly situated employee  per work day, for which the County provides no overtime compensation or any other compensation to any of the named Plaintiffs or to any similarly situated employees.

COLLECTIVE ACTION COMPLAINT          Page -8-

21.     Peace officer supervisors of the LASD and LACP, unlike rank and file Deputies, must spend additional time preparing for the daily briefing before the beginning of their regularly paid work shift.  Peace officer supervisors of the LASD and LACP are not provided any overtime compensation or any other compensation by the County for such time spent in preparing for briefing each day.

22.     The named Plaintiffs and all similarly situated employees required to attend the briefing at the beginning of each paid work shift, are required to attend such briefings on time and may not be late.  If the named Plaintiffs and/or any of the similarly situated employees required to attend these briefings are late to such briefings, they are subject to receiving formal discipline which will be reflected in their Personnel file.

23.     The named Plaintiffs and similarly situated employees of the LASD and LACP are also at times required to conduct various pre-shift tasks which take place prior to their regularly paid work shift.  Such tasks may include, but are not limited to, retrieving a patrol vehicle from a location different from the station the employee is assigned to, placing the gear or "war" bag in the patrol vehicle, along with any other equipment necessary for the shift, and any other tasks which may be required for the Plaintiff and/or similarly situated employee  to carry out the functions of law enforcement as required by the LASD and LACP.  The named Plaintiffs and all similarly situated employees are not provided any overtime compensation or any other compensation by the County for such pre-shift tasks as required for the work performed for the LASD and the LACP.

24.     The named Plaintiffs and similarly situated employees of the LASD and LACP are also at times required to conduct various post-shift tasks which take place after their regularly paid work shift.  Such tasks may include, but are not limited to, fueling up the patrol car at the end of each shift so it is ready for the

COLLECTIVE ACTION COMPLAINT          Page -9-

1   next shift, participating in any briefings to and for the benefit of employees

2   assigned to oncoming shifts, staying after the end of the shift to review reports, or

3   in the case of Sergeants employed by the LASD and the LACP, any tasks which a

4   Lieutenant may order them to stay late and perform, as well as any and all other

5   tasks required to be completed before the Plaintiff and/or similarly situated

6   employee may go off duty, but which take place after the end of the regularly

7   scheduled work shift.  The named Plaintiffs and all similarly situated employees

8   are not provided any overtime compensation or any other compensation by the

9   County for such post-shift tasks as required for the work performed for the LASD

10  and the LACP.

11       25.    Defendant County has, during the time period applicable to this

12  collective action and at least during some or all of the time period from July of

13  2005 going forward, improperly provided CTO to the named Plaintiffs and

14  similarly situated employees of the LASD and LACP on an hour-for-hour basis,

15  instead of using the one and one half hour for each overtime hour worked basis for

16  CTO required by the FLSA; the named Plaintiffs and similarly situated employees

17  of the LASD and the LACP have therefore been denied portion of CTO which

18  should have been accrued and credited for use by such employees.

19       26.    At all times pertinent to this action, Defendant County has

20  intentionally chosen  not to provide any overtime compensation or any other

21  compensation to named Plaintiffs or to all similarly situated employees for time

22  incurred with supervisory pre and post shift tasks or for the time associated with

23  uniforms and special protective gear both prior to and following designated paid

24  shift times, despite the fact that the County requires all such time to be incurred by

25  the named Plaintiffs and all similarly situated employees, and despite the fact that

26  the County knew and still knows, through the LASD Sheriff, the LACP Chief, and

27  managerial & supervisory employees working under the Sheriff and Chief, that

28  COLLECTIVE ACTION COMPLAINT          Page -10-

1  such  pre and post shift time was and is incurred by the named Plaintiffs and by

2  similarly situated employees who work for the LASD and the LACP;  accordingly

3  a three year statute of limitations and recovery period applies to this collective

4  action, pursuant to 29 U.S.C. §255.

5      27.    At all times pertinent to this action, Defendant County knowingly

6  chose not to provide overtime compensation or any other compensation to named

7  Plaintiffs and to all similarly situated employees of the LASD and the LACP for

8  all time incurred with supervisory pre and post shift tasks and for all time spent

9  both prior to and following designated paid work shifts during which named

10  Plaintiffs and similarly situated employees had to don, doff, prepare, or otherwise

11  care for uniforms and special protective gear required by the County for the work

12  performed for the LASD and the LACP; the County has failed to provide any

13  compensation for all such time associated with supervisory tasks and/or involving

14  uniforms and special protective gear despite the fact that all such time spent with

15  supervisory tasks and spent donning, doffing, preparing, or otherwise caring for

16  such uniforms and special protective gear is required by the County for Plaintiffs

17  and all similarly situated employees who work for the LASD and the LACP, and

18  despite the fact that the County knew and still knows, through the LASD Sheriff,

19  the LACP Chief, and managerial & supervisory employees working under the

20  Sheriff and Chief, that such  pre and post shift time was and is incurred by the

21  named Plaintiffs and by similarly situated employees who work for the LASD and

22  the LACP.  Accordingly, the County cannot show any good faith belief that

23  overtime compensation should not have been provided for such time, and therefore

24  the County, owes liquidated damages pursuant to 29 U.S.C. §216 and U.S.C. §260

25  in an amount equal to all other overtime compensation owed to Plaintiffs and all

26  similarly situated employees for all pre and post shift time spent associated with

27  uniforms and special protective gear.

28  COLLECTIVE ACTION COMPLAINT          Page -11-

# VI. COLLECTIVE ACTION ALLEGATIONS

28.    Plaintiffs incorporate by reference and re-allege paragraphs 1 through 27, as though fully set forth herein.

29.    The named Plaintiffs bring this action individually on their own behalf, and collectively on behalf of all other past and present employees of the County who are similarly situated, as a 'collective action' as allowed by 29 U.S.C. §216; the 'class' of past and present County employees who are similarly situated to the named Plaintiffs includes all past and present sworn Sergeants and Lieutenants employed by the LASD who were and/or are members of LA PPOA (as part of Bargaining Unit No. 612), all past and present non-sworn Security Officers employed by the LASD who were and/or are members of LA PPOA (as part of Bargaining Unit No. 621), and all past and present sworn peace officers employed by the LACP who were and/or are members of LA PPOA (as part of Bargaining Units Nos. 631 and 632), who have worked for the County within the time period pertinent to this action, and who have incurred any time, either prior to or following designated paid work shift times, performing supervisory tasks or donning, doffing, preparing, maintaining or otherwise caring for uniforms and/or any special protective gear required by the County for work performed for the LASD and/or for the LACP, for which the County provided no overtime compensation or any other compensation. The 'class' for this collective action of past and present County employees who are similarly situated to the named Plaintiffs also includes all past and present sworn Sergeants and Lieutenants employed by the LASD, all past and present non-sworn Security Officers employed by the LASD, and all past and present sworn peace officers employed by the LACP, who have worked for the County and who have accrued CTO on an hour-for-hour basis for any amount of CTO accrued within the time period pertinent to this action, as opposed to the hour and a half of CTO for each hour of

COLLECTIVE ACTION COMPLAINT          Page -12-

1   overtime worked basis which is required by the FLSA.

2         30.    The named Plaintiffs are similarly situated to all individuals in the

3   class just described for this "opt-in" collective action because, like all individuals

4   in the "opt-in" class, the named Plaintiffs incur time on a regular basis, both prior

5   to and following designated paid shift times, during which they perform

6   supervisory tasks and during which they must don, doff, prepare for, or otherwise

7   care for uniforms and special protective gear required by the County for their work

8   for the LASD and the LACP, but for which they are provided no overtime

9   compensation or any other compensation by the County.

10         **VII.  TORT CLAIMS ACT COMPLIANCE**

11         31.    Plaintiffs incorporate by reference and re-allege paragraphs 1 through

12   30 as though fully set forth herein.

13         32.    On behalf of other named Plaintiffs and all similarly situated "opt-in"

14   class members, named Plaintiffs LA PPOA and Bruce Vallerand have filed

15   Government Tort Claims against Defendants pursuant to CA Gov. Code §§ 905 et.

16   seq. for the claims alleged herein.

17         33.    Named Plaintiff LA PPOA filed a tort claim against Defendant

18   County  on May 28, 2008, which was acknowledged as received by the County via

19   a postcard sent by the County to counsel for LA PPOA dated June 2, 2008, and

20   further acknowledged as received by the County via a letter (which stated the

21   claim was "being investigated")  dated June 6, 2008  from the Office of the County

22   Counsel for Defendant County to counsel for LA PPOA, such that Plaintiff LA

23   PPOA's tort claim was effectively rejected by the County on July 12, 2008, 45

24   days after the claim was filed pursuant to CA Gov. Code § 912.4 since the County

25   did not "act" on the claim as defined at CA  Gov. Code § 912.6.

26         34.    Named Plaintiff Bruce Vallerand filed a tort claim against Defendant

27

28   COLLECTIVE ACTION COMPLAINT      Page -13-

1   County  on May 28, 2008, which was acknowledged as received by the County via

2   a postcard sent by the County to counsel for Mr Vallerand dated June 2, 2008, and

3   further acknowledged as received by the County via a letter (which stated the

4   claim was "being investigated")  dated June 6, 2008  from the Office of the County

5   Counsel for Defendant County to counsel for Mr. Vallerand, such that Plaintiff

6   Bruce Vallerand's tort claim was effectively rejected by the County on July 12,

7   2008, 45 days after the claim was filed pursuant to CA Gov. Code § 912.4 since

8   the County did not "act" on the claim as defined at CA  Gov. Code § 912.6.

9   ## VIII.  **FIRST CAUSE OF ACTION**

10   **(Violation of the FLSA, 29 U.S.C. §§ 201 et seq., including § 207)**

11       35.    Plaintiffs incorporate by reference and re-allege paragraphs 1 through

12   34 as though fully set forth herein.

13       36.    Based on the factual allegations stated, Defendant County has

14   violated and continues to violate the Fair Labor Standards Act (29 U.S.C. §§ 201

15   et seq.),  by failing to provide any overtime compensation, as required by § 207,

16   to named Plaintiffs and to all similarly situated employees for at least the past

17   three years and continuing presently for time incurred both prior to and following

18   designated paid shift times during which the named Plaintiffs and similarly

19   situated employees performed various supervisory tasks and during which the

20   named Plaintiffs and all similarly situated employees don, doff, prepare, maintain

21   or otherwise care for uniforms and special protective gear required by the County

22   for the work performed for the LASD and the LACP.

23       37.    The County has violated and continues to violate the FLSA for

24   failing to provide overtime compensation for all such pre and post shift time at one

25   and one half times the named Plaintiffs and similarly situated employees' regular

26   hourly wage rates for all hours above forty (40.0) hours per week, as required by

27

28   COLLECTIVE ACTION COMPLAINT        Page -14-

the FLSA at 29 U.S.C. § 207; the applicable 'trigger' for this overtime pay is 40.0 hours per week as opposed to being the 171.0 hours per twenty-eight day work period trigger (knows as the '7k exemption') sometimes applicable to peace officers, because Defendant County has not adopted the FLSA '7k exemption' due to no formal adoption being made, due to the fact the County pays the named Plaintiffs and similarly situated employees using half-month pay periods (as opposed to 28 day or 14 day pay periods), and due to the County's policies and practices of paying overtime above forty hours per week.

38.    The County's failure to provide overtime compensation for time incurred by Plaintiffs and similarly situated employees involving supervisory tasks and involving uniforms & special protective gear violates the FLSA since such time is compensable, and since the specific overtime pay provisions of the FLSA at 29 U.S.C. § 207 require such time incurred by named Plaintiffs and similarly situated employees to be compensated with overtime pay.

39.    The County's failure to provide overtime compensation to named Plaintiffs and all similarly situated employees for time incurred involving supervisory tasks and uniforms & special protective gear was willful within the meaning of 29 U.S.C. §255; accordingly, the County is liable for overtime compensation for such time for at least three years prior to the filing of this complaint.

## IX.   SECOND CAUSE OF ACTION

**(Violation of the FLSA,  29 U.S.C. §§ 201 et seq., including § 207(o) )**

40.    Plaintiffs incorporate by reference and re-allege paragraphs 1 through 39 as though fully set forth herein.

41.    Based on the factual allegations stated, Defendant County has violated the Fair Labor Standards Act (29 U.S.C. §§ 201 et seq.),  by failing to

COLLECTIVE ACTION COMPLAINT          Page -15-

provide compensatory time off ("CTO") to the named Plaintiffs and to similarly situated employees on an hour and a half for each hour of overtime worked basis, as required by § 207(o), and instead has provided CTO on an hour-for-hour basis during some or all of the time applicable to this collective action, and at least from July of 2005 going forward

42.    The County's failure to properly provide CTO was willful within the meaning of 29 U.S.C. §255; accordingly, the County is liable for failing to provide all accrued CTO to the named Plaintiffs and to similarly situated employees for at least three years prior to the filing of this complaint.

## X.    THIRD CAUSE OF ACTION
### (Declaratory Relief)

43.    Plaintiffs incorporate by reference and reallege paragraphs 1 through 42 as though fully set forth in herein.

44.    An actual controversy has arisen and now exists between Plaintiffs and Defendants concerning: the failure by Defendant County to provide overtime compensation for all time incurred both prior to and following designated paid shifts by named Plaintiffs and by similarly situated employees of the LASD and the LACP while performing supervisory tasks and while donning, doffing, preparing, maintaining or otherwise caring for uniforms & special protective gear required by the County for work performed for the LASD and the LACP.

45.    Plaintiffs desire a judicial determination that overtime pay at one and one half (1.5) times the regular rate of pay for Plaintiffs and similarly situated employees of the LASD and the LACP  must be provided by the County for all time spent performing pre and post shift supervisory tasks and all time spent donning, doffing, preparing, maintaining or otherwise caring for uniforms & special protective gear required by the County for work performed for the LASD

COLLECTIVE ACTION COMPLAINT          Page -16-

1   and the LACP, and that overtime pay is due for all such time incurred outside

2   designated paid shift times and above 40 hours per week  per named Plaintiff and

3   similarly situated employee of the LAD and the LACP.

4        46.    The judicial declaration is necessary and appropriate at this time

5   under the circumstances in order to allow named Plaintiffs and all similarly

6   situated employees of the LASD and the LACP to recover proper overtime

7   compensation for all time spent performing supervisory tasks and all time spent

8   donning, doffing, preparing, maintaining or otherwise caring for uniforms &

9   special protective gear required by the County for work performed for the LASD

10  and the LACP during the time period pertinent to this action and to ensure proper

11  overtime compensation for such time incurred in the future.

## XI.   FOURTH CAUSE OF ACTION

### (Injunctive Relief)

14       47.    Plaintiffs  incorporate by reference and reallege paragraphs 1 through

15  46 as though fully set forth herein.

16       48.    Defendants, by their actions, have displayed their intent to continue

17  causing irreparable harm to the named Plaintiffs and similarly situated employees

18  who presently work for Defendants.  This harm  includes but is not limited to the

19  following: having to incur time both prior to and following designated paid shifts

20  spent performing supervisory tasks and spent donning, doffing, preparing,

21  maintaining or otherwise caring for uniforms & special protective gear required by

22  the County for work performed for the LASD and the LACP without receiving any

23  overtime compensation for such time, even though such time is compensable

24  under the FLSA.

25       49.    Plaintiffs and similarly situated employees have no adequate remedy

26  at law for the harm that will be suffered due to their ongoing employment with

27

28  COLLECTIVE ACTION COMPLAINT          Page -17-

1  Defendants, will continue to suffer irreparable harm, and may be required to
2  initiate a multiplicity of lawsuits to protect their right to receive proper overtime
3  compensation for all time incurred both prior to and following designated paid
4  shifts spent performing supervisory tasks and spent donning, doffing, preparing,
5  maintaining or otherwise caring for uniforms & special protective gear required by
6  the County for work performed for the LASD and the LACP .
7
8  ## XII.  PRAYER FOR RELIEF
9
10  WHEREFORE, Plaintiffs pray that this Court enter an Order in favor of Plaintiffs
11  and against Defendants awarding Plaintiffs relief as follows:
12      1.    For a determination that the Causes of Action under 29 U.S.C. §§201
13            et seq., may be maintained as an "opt-in" collective action under 29
14            U.S.C. §216(b) as to the unnamed, but similarly situated employees of
15            Defendant County's LASD and LACP Departments;
16      2.    For declaratory relief in the form of a determination made by the
17            Court that the County has violated and continues to violate 29 U.S.C.
18            §§201 et seq., by failing to provide overtime compensation for time
19            incurred both prior to and following designated paid work shifts by
20            Plaintiffs and similarly situated employees spent performing
21            supervisory tasks and spent donning, doffing, preparing, maintaining
22            or otherwise caring for uniforms & special protective gear required by
23            the County for work performed in the LASD and the LACP;
24      3.    For injunctive relief in the form of an order by the Court that, based
25            on the County's violation of 29 U.S.C. §§ 201 et seq., regarding the
26            failure to provide overtime compensation for time incurred by
27
28  COLLECTIVE ACTION COMPLAINT        Page -18-

Plaintiffs and similarly situated employees spent performing supervisory tasks and spent donning, doffing, preparing, maintaining or otherwise caring for uniforms & special protective gear required by the County for work performed in the LASD and the LACP, the County is prohibited from continuing to fail to provide overtime compensation for such time incurred by Plaintiffs and all similarly situated employees, and therefore must provide proper overtime compensation as applicable for all future work performed by the Plaintiffs and all similarly situated employees.

4.   For unpaid overtime pay compensation to named Plaintiffs and all similarly situated employees of Defendant County's LASD and LACP Departments during the time period pertinent to this action for all time outside designated paid work shift times spent performing supervisory tasks and/or spent donning, doffing, preparing, maintaining or otherwise caring for uniforms & special protective gear required for work performed for the LASD and the LACP when such time is above the 40.0 hour per week trigger for overtime pay for each named Plaintiff and for each similarly situated employee for any given work week, as set forth at 29 U.S.C. §207(a);

5.   For all improperly denied CTO for named Plaintiffs and for similarly situated employees of Defendant's LASD and LACP Departments who received CTO on an hour-for-hour basis during any portion of the time period applicable to this action.

6.   For additional liquidated damages, as authorized and quantified by 29 U.S.C. §216(b) equal to all damages under items Nos. 4 and 5 in this Prayer for Relief;

COLLECTIVE ACTION COMPLAINT          Page -19-

1     7.     For pre-judgment interest at the prevailing legal rate;

2     8.     For reasonable attorneys' fees and costs, pursuant to 29 U.S.C.

3           §216(b);

4     9..    For such other and further relief at the Court may deem proper.

5

6  **DEMAND FOR JURY TRIAL**

7  Plaintiffs, individually and on behalf of all others similarly situated, hereby

8  demand trial of their claims by jury as provided by Rule 38(a) of the Federal Rules

9  of Civil Procedure and to the extent authorized by law.

10

11    Dated: July 31, 2008

12  GARY G. GOYETTE,
Attorney for Plaintiffs
13  Goyette & Associates, Inc.
11344 Coloma Road, Suite 145
14  Gold River, CA 95670

15

16

17

18

19

20

21

22

23

24

25

26

27

28  COLLECTIVE ACTION COMPLAINT      Page -20-